EDWIN LARKIN, Respondent, v. WESTERN UNION
TELEGRAPH COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Telegraphs: OWNERSHIP OF LINES: EVIDENCE.** Evidence in
this record is held sufficient to constitute a *prima facie* case of
ownership of certain telegraph lines in the defendant and to put it on
its defense.

2. ————: **NEGLIGENCE: INSTRUCTION: JUDGMENT: HARM-
LESS ERROR.** An instruction set out in the opinion if faulty in
assuming the ownership of certain telegraph lines is not such error
as materially to affect the merits of the action and work a reversal,
since the judgment is for the right party.

Appeal from the Boone Circuit Court.—*Hon. J. A.
Hockaday,* Judge.

AFFIRMED.

*George H. Fearons, W. M. Williams, A. F. Smith* and
*Karnes, New & Krauthoff* for appellant.

(1)   There was no evidence that the telegraph line run-
ning into the depot near where the accident happened be-
longed to the Western Union Telegraph Co. "Every plain-
tiff must prove by competent testimony the facts upon which
he is to recover." Moore v. Railway, 28 Mo. App. 622, 628;
Diel v. Railway, 37 Mo. App. 454, 458; McCartney v. Finnell,
106 Mo. 445, 453, 454; Railroad v. Rooker, 13 Ind. App.
600, 603; 41 N. E. Rep. 470; McKee v. Boswell, 33 Mo. 567;
Morris v. Barnes, 35 Mo. 412; Robbins v. Phillips, 68 Mo.
100; Turner v. Railroad, 76 Mo. 261, 262; Vaughn v. Rail-
road, 15 Mo. App. 597, 598; Avery v. Fitzgerald, 94 Mo. 207,
216; Jesse v. Davis, 34 Mo. App. 351; Robbins v. Railway,
34 Mo. App. 609; Whitmore v. Crawford, 106 Mo. 435;
Long v. Moon, 107 Mo. 334; Hewitt v. Steele, 136 Mo. 327,

334. (2) If there was any evidence tending to show defendant's connection with plaintiff's injury, it was in the shape of alleged admissions which were made by one Stephens and others. The "admissions" of these alleged representatives were certainly inadmissible, because there was no proof of their agency ·beyond their own statements; there was no evidence that they had any authority to make such admissions. Mechem on Agency, sec. 100; Craighead v. Wells, 21 Mo. 404, 409, 410; Farrar v. Kramer, 5 Mo. App. 167, 171; Winter v. Railway, 73 Mo. App. 173, 178, 180; Adams v. Railroad, 74 Mo. 553, 556; Ladd v. Couzins, 35 Mo. 513, 516; McDermott v. Railroad, 73 Mo. 516; Aldridge's Adm'r v. Midland, etc., Co., 78 Mo. 559; Corrister v. Railway, 25 Mo. App. 619; Bevis v. Railway, 26 Mo. App. 19, 21, 22; Midland, etc., Co. v. Kreeger, 52 Mo. App. 418, 422; Railroad v. Belliwith, 83 Fed. Rep. 437, 443; Costigan v. Michael, etc., Co., 38 Mo. App. 219, 225, 228. (3) But in our opinion the most palpable error was the giving of the instruction asked· by plaintiff. It assumed that said poles were defendant's. State v: Miller, 111 Mo. 542, 551, 552; Thompson v. Botts, 8 Mo. 710, 712; Merritt v. Given, 34 Mo. 98; Moffatt v. Conklin, 35 Mo. 453, 456, 457; Peck v. Ritchey, 66 Mo. 114, 121; Comer v. Taylor, 82 Mo. 341, 347, 348; Wilkerson v. Thompson, 82 Mo. 317, 327, 328; State v. Hecox, 83 Mo. 531, 538; Maxwell v. Railroad, 85 Mo. 95, 105; Bank v. Crandall, 87 Mo. 208, 213; Matthews v. Railway, 26 Mo. App. 75, 89, 91; Krider v. Milner, 99 Mo. 145, 149; State v. Taylor, 111 Mo. 538, 541; Patterson v. Railroad, 47 Mo. App. 570; Jacquin v. Railway, 57 Mo. App. 320, 338; Turner ". Loler, 34 Mo. 461.

*H. S. Booth, J. L. Stephens, Rhodes Clay* and *W. W. Fry* for respondent.

(1) In actions at law the appellate court will not reverse on the weight of evidence. Bray v. Kremp, 113 Mo. 552.

This is true though the defendant offered no evidence. Schroeder v. Railroad, 108 Mo. 322; Gregory v. Chambers, 78 Mo. 298; O'Hara v. Iron & Foundry Co., 66 Mo. App. 53; Inferential evidence is sufficient to sustain a verdict when there is no direct evidence to the contrary. Matney v. Railroad, 30 Mo. App. 507; Breen v. Cooperage Co., 50 Mo. App. 202; Harned v. Railroad, 51 Mo. App. 482. It is not sufficient that the evidence should be weak. It is only when there is a complete failure of evidence. Routsong v. Railroad, 45 Mo. 236; Moody v. Deutsch, 85 Mo. 345; Higgins v. Railroad, 43 Mo. App. 547. (2) An agent is a competent witness to prove his own agency. Crothers v. Acock, 43 Mo. App. 318. The authority of an agent need not be proved by an express contract but may be proved by the habit and course of business of the principal. Brooks v. Jameson, 55 Mo. 505; Mitchum v. Dunlap, 98 Mo. 421. Evidence of the sign at the office and defendant's use of envelopes and stationery of the defendant was evidence of its ownership of the line. McLachlin v. Barker, 64 Mo. App. 511; Hatten v. Randall, 48 Mo. App. 207; Larson v. Railway, 110 Mo. 235; Green v. Railroad, 128 Mass. 221; Thompson v. Railroad, 59 Mo. App. 40; Bank v. Williams, 46 Mo. 17; Western Ass'n v. Kribben, 48 Mo. 37; Hampton v. Pullman Co., 42 Mo. App. 134; O'Hare v. Railroad, 95 Mo. 662; Waller v. Railroad, 83 Mo. 608; Perry v. Ford, 17 Mo. App. 212; Moore v. Gaus, 113 Mo. 111. (3) When it appears that the injury occurred on the telegraph line used by defendant, it will be presumed that the accident arose from the want of proper care, in absence of explanation by defendant. Minster v. Railway, 53 Mo. App. 282; Walsh v. Railway, 102 Mo. 582; Moling v. Barnard, 65 Mo. App. 604. (4) We insist the plaintiff's instruction is not subject to the objection stated.

GILL, J.—On the eighth day of October, 1898, plaintiff, while driving a one horse buggy from his home north of Cen-

tralia into the town, passed under certain telegraph wires stretched on poles. Just as he reached that point some workmen, engaged in taking out some wires and putting in new ones cut loose a wire from the top of a pole, it fell with a loud, rattling noise to the ground, and in front of plaintiff's horse, causing the animal to turn suddenly in the road overturning the buggy and throwing plaintiff violently to the ground, severely injuring him. For the damages so sustained this action was brought, resulting in a verdict and judgment for $1,000 in plaintiff's favor, and defendant appealed.

I. The defendant's main contention on this appeal is, that there was no evidence that the telegraph lines where the injury was inflicted belonged to the defendant. We think the contention is without substantial merit. Although there was no direct proof that the Western Union Telegraph Company erected the poles and stretched the wires, yet the undisputed facts and circumstances all show that the line was in the possession of and used by the defendant; that the wires ran into and out of an office at Centralia, where the sign of the Western Union was placed, and where defendant's operator and agent received messages for transmission and delivery, and that all such messages were written on the usual blanks of the company. There was also evidence to the effect that the attorney and agent of the plaintiff went to the general offices of defendant at St. Louis, presented the demand of his client, and defendant's claim agent there did not deny defendant's ownership of the line where plaintiff was injured and that defendant's servants committed the act, but objected to the claim because for too large an amount. But even if we exclude this last item of evidence because of defendant's contention that it related to negotiations for compromise and there is yet other and abundant proof of the facts necessary to charge defendant as the owner of the telegraph wires, and that the workmen there engaged were its employees. And the further fact appearing that defendant at the trial did not introduce any

evidence whatever to the contrary, nor bring forward any evidence at all, such conduct, to say the least, adds strength to this conclusion. If the telegraph line was not its own, and the parties there working were not in its employ the proof was within its easy reach.

II. Further objection is made as to the one and only instruction given. It reads as follows: "The court instructs the jury that if you find from the evidence that on October 8, 1898, the defendant caused or permitted a wire to become detached from its telegraph poles and fall across a road or street coming under its said line of telegraph wire and poles at Centralia, Missouri, and that said wire became detached and fell across said road through the carelessness and negligence of defendant or its employees, and that the same, by the negligence or carelessness of defendant or its employees, frightened and caused plaintiff's horse to run off while attached to plaintiff's buggy, while being driven by plaintiff, and plaintiff was, by reason thereof, injured and damaged, without any negligence on plaintiff's part, then your verdict should be for the plaintiff for such damage as you may believe from the evidence he has suffered, not exceeding fifteen hundred ($1,500) dollars."

It is contended that this instruction improperly assumed that the wire and poles at Centralia were the defendant's property whereas this was an issue raised by the pleadings and should have been submitted to the jury. Conceding that the instruction was somewhat at fault in phraseology, we do not think it seriously defective, or that the jury would probably understand the court as declaring that the telegraph line belonged to the defendant. At all events we do not regard the giving of this instruction as an error "materially affecting the merits of the action," and it therefore should not work a reversal of the judgment. R. S. 1889, sec. 2303. For as the evidence stands on this record it is quite conclusively shown that defendant was the owner of the telegraph line in

question, and it would then be trifling with justice to send the case back for so trivial an error as is complained of in the above instruction. An examination of this record discloses a clear and meritorious case for the plaintiff and the judgment should be affirmed. The other judges concurring, it is so ordered.